## LARKIN PAYNE v. THE STATE.

### No. 1867. Decided March 15, 1899.

**1. Bill of Exceptions to Evidence Admitted.**

A bill of exceptions to evidence is insufficient which does not state the specific ground of objection to its admission. An objection which simply states that the testimony was immaterial and prejudicial to defendant is too general.

**2. Impeachment of a Defendant Witness—Best Evidence.**

Where a defendant becomes a witness on his own behalf, he may, on cross-examination, for the purpose of impeaching his credibility, be asked if he has not previously been indicted for a felony (naming it), and it is not necessary that the indictment or record evidence of the fact be introduced as the best evidence.

**3. Same.**

It is a long and well established rule in this State, that in impeaching a witness for credibility he may be cross-examined as. to whether he spent much of his time in jail charged with criminal felonies or offenses involving moral turpitude, or has been convicted of such offenses.

**4. Impeachment of a Witness, a Stranger—Supporting Him by Evidence as to His Reputation for Truth and Veracity.**

The rule that a witness who is a stranger, testifying to isolated facts, and whose cross-examination tended strongly to discredit him, can be supported by showing his general reputation for truth, is not supported in principle or authority. Disapproving Phillips v. State, 19 Texas Criminal Appeals, 158, and Crook v. State, 27 Texas Criminal Appeals, 198.

**5. Same.**

A mere conflict between the testimony of a witness and other witnesses, or self-contradiction or confusion as between a witness' own statements, will not authorize the introduction of supporting proof of his general reputation for truth and veracity.

**6. Theft—Ownership—Burden of Proof.**

On a trial for theft of wheat the joint property of two owners, and one of the alleged owners has testified that it was, when taken, in his exclusive control and possession, if defendant claims that he had the consent of the other owner to its taking, the burden of proof is on him to show that fact.

**7. Accomplice Testimony—Charge of Court.**

Where the court has sufficiently charged upon accomplice testimony, and the jury may have believed that there were no accomplices, defendant can not be heard to complain, though there was no evidence corroborating the supposed accomplices.

APPEAL from the District Court of Tarrant. Tried below before Hon. W. D. HARRIS.

Appeal from a conviction for burglary; penalty, two years imprisonment in the penitentiary.

A statement of the evidence adduced is not necessary. Appellant based his motion for new trial upon the following grounds: 1. Permitting the State to prove by defendant that he had before been indicted. 2. Permitting the State to prove the good character, etc., of the State's witness, Jack Dean, for truth and veracity. 3. The court erred in failing to charge the jury as to the effect to be given to the evidence showing the recent possession of stolen property. 4. That the verdict of the jury was contrary to the law as given in charge and not supported by the evidence, as the accomplice testimony was not sufficiently corroborated, etc.

*Russell, Cowan, O. W. Gillespie,* and *Wynn, McCart & Bowlin,* for appellant.—The mere fact that a witness had before been indicted for an offense, and especially where it is the defendant, should not be permitted in evidence to effect his credibility as a witness or for any other purpose. Ingersol v. McMiller, 30 S. W. Rep., 60-89; Carroll v. State, 24 S. W. Rep., 101; Hill v. Dunn., 37 S. W. Rep., 633; Ryan v. State, 36 S. W. Rep., 930; Oxys v. United States, 38 S. W. Rep., 331; Brewing Co. v. Dickey, 43 S. W. Rep., 577; Herring v. Patten, 44 S. W. Rep., 50.

The court erred in permitting the State, over defendant's objection, to prove by the witness, H. H. Austin and others, the general reputation for truth and veracity of the State's witness, Jack Dean.

The State can not prove that the general reputation of one of its witnesses for truth and veracity was good unless such reputation has been attacked by the defendant; and we submit that the evidence above set forth did not authorize the State to prove such reputation for the witness Dean. Ricks v. State, 19 Texas Crim. App., 319; Conway v. State, 33 Texas Crim. Rep., 329; Rushing v. State, 25 Texas Crim. App., 607; Wharton Crim. Ev., sec. 429, and notes; Barrington v. Lincoln, 4 Gray, 563.

When recent possession of stolen property is relied upon by the State to secure a conviction or to aid in securing same, it is incumbent upon the court to charge the law as to the effect of such possession.

Appellant and others had possession of a load of wheat and sacks the day after the alleged burglary. There were four of them on the wagon with the wheat. Jackson v. State, 28 Texas Crim. App., 143.

The fourth ground of appellant's motion for new trial was in effect that Weathers, his wife, and Jack Dean, State's witnesses, were accomplices, and that their evidence was not sufficiently corroborated; that the evidence did not establish the corpus delicti, and that the joint owner of the property, William Nash, should have been used as a witness by the State, and that the verdict of the jury was not supported by but contrary to the evidence.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

By his first bill of exceptions, appellant calls in question the action of the court in permitting the State, in the cross-examination of the defendant, Larkin Payne, to prove by him that he had previously been indicted for the offense of burglary of another house than the one in question. The ground of objection urged to this testimony was that the same was immaterial and prejudicial to defendant. This is entirely too general, and does not state any specific ground of objection to said testimony. The court, however, in a lengthy explanation, states that, out of deference to the rulings of the Court of Appeals on this ques-

tion, he admitted the testimony, but that, if it was a matter in his discretion, he should reject the testimony, on the ground that the mere indictment for a felony should not be permitted for the purpose of impeaching a witness, and that, certainly, where a witness could be impeached in this manner, it should be done by record evidence; or, if permitted by parol, when the witness denied that he had been indicted or convicted for a felony, then the State should be permitted to show the real truth, and not be bound by the answer of the witness. The learned judge in this connection states that the mere fact of indictment, where there has been no conviction, ought not to be ground or basis for injecting into a case on trial an issue or suggestion about one of the witnesses who was testifying in the case. This question has long been settled in this State contrary to the views expressed by the judge. See Lights v. State, 21 Texas Crim. App., 308; Woodson v. State, 24 Texas Crim. App., 162; Carroll v. State, 32 Texas Crim. Rep., 431; Brittain v. State, 36 Texas Crim. Rep., 406; In the last mentioned case, reviewing the authorities, we said: "It is also held, we believe, in a majority of the American courts, that evidence that a defendant who is a witness, and has been charged with other crimes, even by indictment, is not provable as going to discredit him,—the principle being that the mere fact that a witness has been arrested does not prove or tend to prove that he had been convicted of another offense; and until there is proof of conviction, the witness is protected by the legal presumption of innocence. State v. Bacon (Ore.) 9 Pac. Rep., 393. In some States, however, the rule is different, and in our own State the greatest latitude in this respect is allowed the prosecution in the examination of a defendant when he becomes a witness. * * * This question of impeachment by this character of evidence is said to be largely within the discretion of the court, and it is said that the courts will only permit a collateral investigation of this sort when the testimony would serve the purpose of discrediting the witness, and not merely for the purpose of laying a predicate for his contradiction. The authorities seem to indicate that the State will be bound by the answer of the witness, and will not be permitted to contradict him on these collateral issues, which go merely to his credit with the jury." The view expressed in the above explanation to the bill of exceptions is not without support in the authorities of other States. 3 Jones, Ev., sec. 834 and authorities there cited; Underh. Crim. Ev., sec. 246 and authorities there cited. However, we believe the rule adopted in this State the sounder one, and in consonance with the best-considered authorities on this subject. 1 Thomp. Trials, sec. 467; 3 Rice, Ev., p. 368. We quote from Mr. Thompson as follows: "There is a confusion in the authorities as to whether a witness may be asked on cross-examination whether he has been arrested, indicted, or convicted upon a criminal charge. One of the difficulties grows out of the question whether such a matter can be proved by secondary evidence, even by the admission of the witness, who must, of all men, be

certain of the fact, if it existed. The strain about secondary evidence in such case is a mere quibble, totally destitute of common sense." On this subject Mr. Rice, quoting from the opinion in Real v. People, 52 New York, 281, says: "This shows that, upon a cross-examination of a witness with a view of testing his credibility, inquiries are proper as to facts not competent to be proved in any other way. Such inquiries do not relate to the issue directly upon trial, but relate only to the credibility of the witness. They are entirely collateral to the principal issue. As to the former, the same strictness is not required, and the evidence is confined to the cross-examination of the witness introduced by the opposite party. In such examination the presumption is strong that the witness will protect his credibility as far, at least, as truth will warrant. All experience shows this to be true. It would be productive of great injustice, where a witness is produced of whom the opposite party has never before heard, and who gives material testimony, and from some source, or from the manner and appearance of the witness, such party should learn that most of the life of the witness has been spent in jails and other prisons for crimes, if this fact could not be proved by the witness himself, but could only be shown by records existing in distant counties, and perhaps States, which for the purposes of the trial are wholly inaccessible. No danger to the party introducing the witness can result from this class of inquiries, while their exclusion might in some cases wholly defeat the ends of justice. My conclusion is that a witness, upon cross-examination, may be asked whether he has been in jail, the penitentiary, or State prison, or in any other place that would tend to impair his credibility, and how much of his life he has passed in such place. When the inquiry is confined as to whether he has been convicted, and of what, a different rule may perhaps apply." As stated above, the rule authorizing an inquiry, on the cross-examination of a witness, as to whether he has spent much of his time in jail, charged with criminal felonies or offenses involving moral turpitude, or has been convicted of such offenses, for the purpose of impeaching the credit of such witness, has long been the established rule in this State, and we see no reason to depart from it.

Jack Dean was a material witness for the State; and the State was permitted to prove by Austin and Brock, in rebuttal, the general reputation for truth of said witness Dean in the community in which he lived. Defendant objected to this testimony on the ground that no such attack had been made on the witness Dean by defendant as to justify the State in inquiring into his reputation for truth. If the bill as presented by appellant stood alone, it would appear to be incomplete, and not properly raising the question relating to said testimony of Austin and Brock, supporting the witness Dean for truth. The bill should have shown in itself, as a matter of fact, the status of the witness Dean when it was attempted to support his testimony; and these matters of fact, showing the status of said witness Dean, should

have been certified to by the judge. The bill did not do this, and so, as stated above, was not complete. The judge, however, in approving said bill, states that he admitted said testimony of the witnesses Austin and Brock as to the reputation for truth of the witness Dean because the cross-examination of the witness Dean was lengthy, and was of a character tending to impeach him. Testimony proving or tending to prove the reputation of a witness for truth and veracity is admitted on the following grounds, and possibly some others, not necessary to state: (1) Where a witness is impeached or attempted to be impeached by proof that his reputation for truth in the community where he lives is bad. Wilson v. State, 17 Texas Crim. App., 525. (2) Where it is shown that the witness' character has been impeached by evidence that he had been charged with some criminal offense. Coombes v. State, Id. 258. (3) Where it is shown on the trial that the witness had made contradictory statements to that testified to by him on the trial. Burrell v. State, 18 Texas, 731; Morrison v. State, 37 Texas Crim. Rep., 601; 1 Greenl. Ev., 469. (4) And it has been held in this State that where the district attorney, on cross-examination, asks the witness questions tending indirectly to attack the character and throw discredit on the testimony of the witness, the witness so attacked may be supported by proof of his character for truth. Phillips v. State, 19 Texas Crim. App., 158; Crook v. State, 27 Texas Crim. App., 198. Testimony under this head seems to be admitted when the witness attacked is a stranger at the place of the trial. In support of the Phillips case, supra, the court cited Wharton on Evidence, section 491, from which it quotes as follows: "It is further held that such evidence may be admitted, should particular discrediting facts have developed against the witness in his cross-examination, especially when he is in the situation of a stranger testifying to isolated facts." Mr. Wharton cites a number of authorities in support of this proposition, but such as are accessible to us do not appear to support the text. We must confess that the cases of Phillips and Crook, supra, are very unsatisfactory, and we fail to find in either such a cross-examination as would appear to invoke the establishment of a new rule. The court says in Phillips' case: "In this instance the witness' character had not been impeached, nor were contradictory statements shown. It was, however, shown that he was a stranger testifying to isolated facts, and the cross-examination to which he was subjected tended strongly to discredit his statement," and therefore supporting testimony, showing the general reputation of the witness for truth, was admitted. We do not believe the rule suggested in this case finds support either in principle or on authority. See 3 Jones, Ev., secs. 870, 871; Underh. Crim. Ev., sec. 243. It can not be contended that the supporting testimony comes under either of the first three subdivisions above enumerated. It is suggested, however, that the evidence was authorized under the last subdivision. But it does not appear in the bill, or the explanation of the learned judge thereto, that the witness sought to be supported was a stranger in

that community. So that the admission of this evidence is made to depend solely on the statement that the course of the cross-examination was of a character tending to impeach the witness. We are not furnished with data indicating the cross-examination of this witness, and we are left to infer its character. If the character of the examination of this witness showed a conflict between him and other witnesses, this would not authorize the introduction of supporting proof of general reputation for truth. See Britt v. State, 21 Texas Crim. App., 215; Rushing v. State, 25 Texas Crim. App., 607. If the course of the cross-examination of said witness indicated self-contradiction or confusion as between his own statements made while on the stand, this would not authorize his reputation for truth to be shown.

Appellant, in his assignments of error, insists that the proof shows that the property, which was wheat, was the joint property of T. J. Nash and his brother William Nash, and that the State failed to prove the want of consent of William Nash. We have examined the record, and T. J. Nash testified that said property was in his exclusive control and possession. Under such circumstances, if appellant had the consent of William Nash to the taking of the wheat, it was incumbent on him to show it.

Appellant complains that the court should have charged on recent possession, in connection with the distinctive ownership and dominion over said property by the prosecutor, T. J. Nash. We can not agree to this contention.

He further insists that the State's case depends solely on the testimony of accomplices, and that there is no evidence corroborating them. The court instructed the jury on the subject of accomplice testimony; and, under the charge of the court, they may have believed that Jack Dean and Mrs. Wethers were not accomplices. If so, of course their testimony amply supported and corroborated the testimony of the State's witness W. E. Wethers. Besides this, the testimony of Coleman, it would seem, tends to corroborate the witnesses whom appellant insists were accomplices, and it is not claimed that Coleman was an accomplice.

For the error of the court in permitting the State to introduce the witnesses Austin and Brock, and prove by them the good reputation of the witness Dean for truth and veracity, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

DAVIDSON, Presiding Judge, absent.