E. W. Lasater v. The State.

No. 5893.   Decided November 17, 1920.

Rehearing granted February 9, 1921.

1.—Murder—Manslaughter—Argument of Counsel—Practice in Trial Court.

While the argument of State's counsel, which was a sort of an apostrophe to the various members of the family of deceased who were present, and contributing to the sympathetic effect of such speech, by their conduct, was objectionable, yet, in the absence of a requested charge to withdraw the same and no apparent injury to the defendant, there was no reversible error.

2.—Same—Conduct of Prosecuting Attorney—Practice in Trial Court.

Where, defendant complained that the prosecuting attorney was permitted to hold in his hand in close proximity to the jury certain papers, stated to be those pertaining to divorce cases against the defendant's former wives, etc., and to ask such questions relative thereto as to injure defendant, but the bill of exceptions was qualified by the trial court, that the jury was withdrawn and the objections sustained, and said papers were no longer so held in view of the jury, there was no reversible error.

3.—Same—Reputation of Defendant For Truth and Veracity and Peaceful Conduct—Practice in Trial Court—Specific Instances of Conduct.

When defendant puts his reputation in issue his witnesses may be asked, affecting their knowledge, if they had not heard of specific instances of his misconduct, which, if true, would affect such reputation, although such conduct was against his relatives, including his wife and child, etc.

4.—Same—General Reputation—Rule Stated—Rebuttal.

If the trial court be apprised, before evidence by the State in rebuttal to the testimony of the defendant as to good reputation is offered, of its erroneous character, and there be then entire agreement between the State and the defense as to same as to its objectionable character, the court should not permit it in evidence. Following Bullington v. State, 78 Texas Crim. Rep., 187, yet, when such reputation extends over the entire life of defendant, rebuttal evidence which reaches back over some seventeen years before the trial would not be too remote.

5.—Same—Rehearing—Reputation of Defendant—Conviction for Felony—Moral Turpitude.

We understand the rule laid down in the books to be that a witness can be compelled to answer that he has been convicted, or indicted for a crime imputing moral turpitude, if such is a fact, or the indictment, or record of conviction can be introduced to attack his credibility, and a witness can be attacked as well by one method as the other. Following Fannin v. State, 51 Texas Crim. Rep., 41.

6.—Same—General Reputation—Moral Turpitude—Rule Stated—Reversible Error.

Where the State's witness was asked, "Did you ever arrest defendant for a felony?" and answered, "Yes, sir," and was then asked: "What was the

felony?" and answered, "Seduction," this showing that a charge had been legally made against defendant for such felony as would make the testimony admissible, and was not sufficient, as it did not appear that an indictment was returned, or even a complaint made, or that the arrest was by virtue of a *capias* or warrant, and therefore the same was inadmissible and reversible error.

### 7.—Same—Evidence—Former Marriages—Irrelevant Testimony.

Upon trial of murder and a conviction of manslaughter, it was material error to allow the State to place before the jury facts relative to the marriages of defendant and that he had been sued by each of his wives for a divorce, such facts not being related to the transaction involving the homicide. Following Hightower v. State, 53 Texas Crim. Rep., 487, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Robt. B. Seay.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Puckett, Mount & Newberry, Robert B. Allen, Jr.,* and *Robert B. Allen,* for appellant.—Upon question of general reputation: Forrester v. State, 42 S. W. Rep., 401; Holloway v. State, 45 Texas Crim. Rep., 303; McCray v. State, 38 Texas Crim. Rep., 613; Thompson v. State, 38 id., 335; Ward v. State, 70 Texas Crim. Rep., 417; Bolin v. State, 204 S. W. Rep., 236; Baker v. State, 221 S. W. Rep., 609.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of general reputation: Williams v. State, 167 S. W. Rep., 361.

On question of argument of counsel: Kemper v. State, 138 S. W. Rep., 1025; Holmes v. State, 70 Texas Crim. Rep., 214; Ulmer v. State, 71 id., 579; Sorrell v. State, 167 S. W. Rep., 356.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Dallas County, of the offense of manslaughter, and his punishment fixed at five years confinement in the penitentiary.

A number of bills of exceptions appear in the record, all of which have received our careful attention, but we deem none of sufficient importance to discuss, except Bills of Exception Nos. 1, 2 and 3. It is urged in bill of exceptions No. 3 that counsel prosecuting privately, used improper argument to the jury in his closing address. Examining the same, we find that it was a sort of an apostrophe to the various members of the family of deceased, who were present, and contributing to the sympathetic effect of such speech by their conduct. We have held that such appeals as appear in this bill, are calculated to arouse the sympathy of the jury, but it appears that no objection was made to any of the matters thus transpiring until the said argument was concluded; and further, that no special charge on the subject was

asked. There appearing no misstatement of any material facts, prejudicial to appellant; no personal abuse, such as is calculated to arouse prejudice against him; and no misstatement of any issue by which he could have suffered injury, we have always held that no reversible error is presented in this condition of the record.

By his bill of exceptions No. 2, appellant complains that the prosecuting attorney was permitted to hold in his hand, in close proximity to the jury, certain papers, stated to be those pertaining to divorce cases theretofore filed against appellant by his two wives, and to ask such questions relative thereto as to injure the appellant. This bill is qualified by the trial court in such manner as to show that when the first question was asked relative to a divorce, some papers were then held in the hand of the State's attorney, but immediately upon objection being made, the jury was withdrawn, the objection was sustained, and that said papers were no longer held in view of the jury, exhibited, or referred to. It appears that appellant had put in issue his reputation both for truth and veracity, and as a peaceable, quiet, law-abiding citizen, and also as a kindly, generous man, and that as affecting such reputation, the witnesses mentioned in this bill were asked relative to whether or not they had heard of cruel treatment on the part of the accused toward his two wives. This was objected to also. We think that when a defendant puts his reputation in issue, as affecting their knowledge, his witnesses may be asked if they had not heard of specific instances of his misconduct, which, if true, would affect such reputation, and we do not think that the fact that such misconduct was against his wife, child, mother, or other relative, would alter the rule, or make such evidence inadmissible.

During the trial, and when introducing its rebuttal evidence, the State placed on the stand a witness, who was asked if he had ever arrested appellant on a felony charge, to which the witness answered that he had; and in response to a further question, stated that he had arrested appellant for seduction. The defense asked him when said arrest took place, and he replied "in 1903." The time of this trial was in 1920. Appellant objected to this evidence when offered, because same was of an occurrence too remote, and asked the court to exclude the same from the jury, which objection was sustained, and the court told the jury that a man's reputation might not be attacked by proof of his arrest more than ten years prior to the time of the trial, and since it had developed that more than ten years had elapsed since said arrest, they would not consider the evidence for any purpose.

This was all that transpired relative to this matter in the presence of the jury. It further appears from the bills of exceptions, however, that before this evidence was offered by the State, the trial court was informed privately by the defense, in the presence of the prosecution, that such evidence would be offered, and that it was too remote, and, therefore, objectionable; also, the defense requested the court to instruct the prosecution not to ask anything relative to such arrest in

the presence of the jury. The averments of said bill further show that the court then stated privately to said parties that under the law no such evidence would be admissible, if it related to an arrest more than ten years prior to the trial, but refused to instruct counsel for the State not to propound questions relative thereto. No contention was made by the State that the defense was in error as to the fact that the arrest occurred some seventeen years before the trial, but as we understand the bill of exceptions, there was agreement on this point between the State and the defense. We think if the trial court be apprized before evidence is offered, of its erroneous character, and there be then entire agreement between the State and defense as to same, the court should not permit it in evidence. Bullington v. State, 78 Texas Crim. Rep., 187, 180 S. W. Rep., 678; Vick v. State, 71 Texas Crim Rep., 50, 159 S. W. Rep., 50.

We know of no hard and fast rule which fixes a given number of years, beyond which an event becomes too remote to have weight in testimony. The application of the rule of remoteness is somewhat difficult, being affected by the facts of the particular case. See Bibb v. State, 215 S. W. Rep., 312, for discussion of this principle, and citation of authorities. It appears from the facts in the instant case, that appellant, prior to the introduction of the testimony complained of in this bill of exceptions, had proven by a number of witnesses, that his reputation from his boyhood up to the time of the trial, was good, both for truth and veracity, and as being a peaceable, law-abiding citizen. It is well established that when on side presents an issue and evidence in support thereof, the other side has the right to deny, contradict, or explain the evidence offered in support of such issue, so as to show its falsity, or break its force and effect. Branch's Ann. P. C., p. 62. If one party offer testimony as to the reputation of a witness, or a party involved, at any time or place, the opposing party may offer testimony which, either directly, or in effect, contradicts or tends to break the force of that offered. The effect of proving the existence of a charge of felony against a witness, is an attack upon his reputation, and we have no doubt of the fact that evidence that a felony charge was made or pending, becomes admissible when it is in proof by the other side that at the time such felony charge was made, the reputation of the party so attacked, was good. It follows that we think no error was committed in the introduction of the testimony under discussion, under the facts of this case, and that no injury resulted to appellant by reason of the fact that the State was allowed to ask relative to the arrest of appellant for a felony, at a time which was covered by his testimony establishing his good reputation.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

February 9, 1921.

LATTIMORE, Judge.—Proof that one has been convicted of a felony is admissible when the character of such person has become a legitimate issue. The usual method followed in such case is to ask such person when a witness, if he has not been so convicted, confined in jail, or the penitentiary, and upon his denial prove such fact; but the practice is not and should not in reason be limited to this method. The issue is the credibility of the witnesses and as affecting same, proof that he is a felon is not confined to his statement.

In many jurisdictions he may not be compelled to answer as to such fact, and the proof thereof may not be by parol. Johnson v. State, 49 Ga., 116; State v. Boyd, 178 Mo., 2; Miller v. Commonwealth, Ky., 113 S. W. R., 518; People v. Reinhart, 39 Cal., 44; Commonwealth v. Walsh, 196 Mass., 369; State v. Smith, 129 La., 709; Zanone v. State, 97 Tenn., 101.

In this State it is well settled that he may not only be asked such question when on the witness stand but compelled to answer, and if he deny proof may be made *aliunde*. See Branch's Annotated Penal Code, Sections 167, 168. The doctrine as it now obtains in this State was laid down in Lee v. State, 45 Texas Crim. Rep., 51, where we said: "We understand the rule laid down in the books and authorities above cited to be that the witness can be compelled to answer that he has been convicted or indicted for a crime imputing moral turpitude, if such is the fact, or the indictment or record of conviction can be introduced to attack his credibility. In other words, the witness can be attacked as well by one method as the other."

As approving same we cite Fannin v. State, 51 Texas Crim. Rep., 41; Wilson v. State, 78 S. W. Rep., 232; Brittain v. State, 47 Texas Crim. Rep., 602. In the case last cited this court held that, irrespective of whether such question was asked, it might be proven that the accused who had taken the witness stand, was a common prostitute. Reason supports the doctrine. That one is a convicted felon or a common prostitute, is not a particular instance, proof of which leads to confusion of issues and is usually objectionable. It is a legitimate attack upon the general credibility of the witness, and when the life or liberty of the individual or the interests of organized society are at stake, it is of the highest importance that the jury who are the exclusive judges of the facts and the credibility of the witnesses, should know who and what the witnesses are. That the effect of proving by the witness himself or otherwise, a conviction of felony, is an attack upon his reputation, is also well settled and numerous authorities might be cited holding that when it is shown that one has been charged or convicted of crime, or has made contradictory statements, etc., his general reputation for

truth and veracity is thus put in issue. Coombes v. State, 17 Texas Crim. App., 258; Payne v. State, 40 Texas Crim. Rep., 290, 50 S. W., R., 363; Goode v. State, 57 Mo., App., 239; Harris v. State, 49 Texas Crim. App., 338, 94 S. W. R., 227. There would seem to be neither logic nor reason in holding the converse not to be also true.

The manner and substance of the particular interrogation in the instant case escaped our attention when the matter was before us upon original hearing. Witness Seale who testified in regard to the matter was asked, "Did you ever arrest the defendant for a felony?" and answered, "Yes, sir." He was then asked, "What was the felony?" and answered, "Seduction." ᵭThis ended the matter except that he stated on cross-examination that this was in 1903. We doubt if this was such showing that a charge had been legally made against appellant for such felony as would make the testimony admissible. It does not appear that an indictment was returned, or even that complaint was lodged, or that the arrest was by virtue of *capias* or warrant. In order to make admissible the facts that one has been charged or incarcerated for felony it must appear that same was legal.

In addition to the above we have concluded that it was material error to allow the State to place before the jury facts relative to the marriages of appellant and that he had been sued by each of his wives for divorce. Such facts seem in no way related to the transaction which involved this unfortunate homicide, nor to shed any legitimate light thereon. Webb v. State, 36 Texas Crim. Rep., 43; Hightower v. State, 53 Texas Crim. Rep., 487; Jennings v. State, 42 Texas Crim. Rep., 82.

For the reasons appearing above appellant's motion for rehearing is granted and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*