### Mildred Criner v. The State.

#### No. 6110. Decided February 16, 1921.

#### Rehearing Denied April 27, 1921.

1.—Forgery—Surplusage—Indictment—Variance.

Where the instrument purported to be signed by "J. H. Campbell, 1514 La. Avenue," and on the one offered in evidence there was under the signature the term "a satisfied customer" this did not constitute a variance. Following Young v. State, 40 S. W. Rep., 793, and other cases.

2.—Same—Evidence—Moral Turpitude.

Where, upon trial of forgery, the defendant on cross-examination was asked the question by the State how many times she had been arrested and charged in the county court with theft, to which the defendant objected and the court overruled such objection, there was no reversible error, as the witness could only be charged in such court by complaint, information, or indictment.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of forgery; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*John L. Poulter,* for appellant.—Cited cases in opinion.

*C. M. Cureton,* Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for forgery and punishment fixed at confinement in the penitentiary for a period of three years.

The instrument purports to be signed "J. H. Campbell, 1514 La. Ave." As offered in evidence, under the signature, there appears the term "a satisfied customer." This does not constitute a variance. The words "a satisfied customer" are not a part of the instrument and it is not necessary to incorporate them. Bishop's New Crim. Procedure, Sec. 407; Young v. State, 40 S. W. Rep., 793; Branch's Ann. Penal Code, Sec. 1409; Hennessy v. State, 23 Texas Crim. App., 354.

From the evidence it appears that a young woman entered Mrs. Brown's Millinery Store and purchased a hat from one of the clerks, executing a check for $27.50, purported to be signed by J. H. Campbell, in payment of the hat. The purchaser was unknown to the clerk and the others in the store. J. H. Campbell, who resided at 1514 Louisiana Avenue, the address attached to the check, testified that it was not signed by him or under his authority. Two employees of the store testified to the identity of the appellant with the purchaser of the hat, the clerk claiming that her attention was drawn particularly to the purchaser by reason of an expensive dress that she wore. This testimony is relied upon by the State for the identification. It is not claimed that the hat was found in the possession of the appellant nor that she was the owner of the dress which was worn by the purchaser at the time of the transaction. Appellant, in her own behalf, testified denying all connection with the matter.

In cross-examination, against appropriate objection, the appellant was required to testify that she had, at one time, within two years been arrested and brought into court for shoplifting, had been tried and nothing had been done about it. In many jurisdictions the testimony that a witness had been indicted or convicted of another offense is not received as discrediting evidence. Wigmore on Evidence, Sec. 983; Underhill on Criminal Evidence, Sec. 245, page 445; Wharton's Criminal Evidence, Sec. 50.

In our State, where the accused testifies as a witness, the fact that he has been convicted or indicted for a felony or an offense involving

moral turpitude may be proved for the purpose of impeachment or discrediting his testimony.

Broad as is our practice, it does not embrace the mere proof of arrest. If the State is not prepared at least to show that there was a prosecution legally established, it should not be permitted to prove that the accused had been arrested. Barkman v. State, 52 S. W. Rep., 71.

"Mere accusations of felonies could not be used unless they had assumed the form of legal charges or complaints." Red v. State, 39 Texas Crim. Rep., 422. Even where there has been a complaint filed, it is not always provable. Wright v. State, 63 Texas Crim. Rep., 437.

The appellant's denial of her identity should not, in the instant case, have been burdened by the hurtful testimony that she had been arrested for another offense in the absence of proof that the detention was by virtue of some lawful process. In solving the sharply drawn issue of identity, the jury should have been confined to the relevant evidence. To what extent the damaging facts improperly received is reflected in the verdict, adjudging this young woman guilty and assessing against her a penalty much in excess of the minimum, cannot be determined. Its character was such as would probably prejudice her case. The presumption is that it did.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

March 9, 1921.

LATTIMORE, JUDGE.—The State has filed a motion for rehearing in this cause in which it is urged that in our original opinion we were misled by the answer of appellant, while a witness, into holding erroneous the question complained of in appellant's fourth bill of exceptions. An examination of said bill shows that the State propounded to appellant while on the witness stand the following question: "Within the last two years, you have been arrested how many times, and charged in the County Court of Tarrant County, Texas, with theft, to-wit, shoplifting?" To which her answer was, "I was arrested one time with Bertha Smith and brought to the courthouse up here for shoplifting but they did not do anything about it and it never came to trial."

The State contends that theft being an offense involving moral turpitude, the fact of a legal charge having been preferred against appellant therefor, would be admissible as affecting her credibility as a witness; and that the language of the question asking her how many times she had been arrested and charged in the County Court with theft—was sufficient as she could only be charged in said court by

complaint and information or indictment and that in either event same would necessarily be a legal charge.

We are constrained to believe that the State is correct in this position and that the question as asked was not erroneous but we again assert that questions as to mere arrests, or as to charges, in the broad sense, are too general. This being the only question causing reversal, and having concluded we were in error in our decision thereof, the State's motion for rehearing is granted; the judgment of reversal is set aside and the judgment is now affirmed.

*Affirmed.*

ON REHEARING.

April 27, 1921.

HAWKINS, JUDGE.—Appellant has filed a motion for rehearing in which it is urged that this court was right in its original opinion, and in error when rehearing was granted on State's motion and affirmance entered.

In her motion appellant reiterates the statement that the *record* will show that she had never been legally charged with any offense before in the County Court, and that the prosecuting officer knew this when he asked the question complained of, and knew no proof could be made of any such charge ever having been filed, and, therefore, while the question may have been in proper form, the very asking of it under the circumstances was prejudicial, and intended to have that effect.

We cannot presume that the assistant district attorney was doing purposely an improper thing when the question was propounded, and we must look to the record to see if the fact is there disclosed that no such charge as the question implied was filed against appellant. If we should find there was none, and believed the prosecuting officer propounded the question to appellant knowing this, and with the purpose or improperly prejudicing her case, our duty would be clear.

We regret that we are unable to agree with counsel for appellant in his interpretation of the record. An examination of the bill of exceptions shows utter silence on the issue of whether in fact appellant had ever been charged in the County Count with "shoplifting." When we look to the statement of facts it rather strengthens the view that such a charge had been filed. When appellant was asked how many times she had been arrested, and charged in the County Court with theft—"shoplifting," the statement of facts discloses her testimony on that subject to have been as follows: "I was arrested one time with Bertha Smith and brought to the court up here for shoplifting, and they didn't do anything about it, it never came to trial. . . . I haven't been tried on that yet; they never did anything about it because I didn't have one thing to do with it. I don't know that the case is still on the docket. Mr. Moore made my bond in that case. I

swear that is the only time I have ever been charged with theft in any court." This shows appellant had been placed under bond upon the very charge in regard to which inquiry was being made, and to which complaint is directed.

If there was a mistake about it, or the charge was of a different nature, or made only in an examining court and never merged into a prosecution, the facts could have been easily ascertained. The instant case was being tried in the same courthouse where the alleged theft charge was supposed to have been filed, and a delay of only a few minutes would have been sufficient to have ascertained the facts. and they could have been placed in the record now before us. No request for an opportunity to do this appears to have been made.

To hold with appellant in her contention would necessitate us presuming what the record does not show, and which presumption would be against the affirmative disclosures of the record.

The appellant's motion for rehearing is overruled.

*Overruled.*