BERRY, Judge.
 

 Appellant was convicted in the county court of Nacogdoches county for the offense of misdemeanor theft and his punishment assessed at a fine of $25.00 and six months in the county jail.
 

 
 *688
 

 A
 
 statement of facts is unnecessary, further than to say that the State’s testimony was sufficient to support the conviction, and the appellant testified in his own behalf and gave evidence which, if believed by the jury, would have exonerated him of any connection with the offense.
 

 The only question we deem it necessary to discuss in the ease is that raised by bill of exceptions No. 5. This bill is sufficient to show that before the defendant took the stand as a witness in his own behalf his counsel presented to the court a motion in which he stated that more than fifteen years before that time defendant was convicted of a felony and requested the court, in view of the remoteness of such conviction, to instruct the county attorney that the same was too remote to be inquired into by the State. On hearing said motion, the same was overruled by the court, and on the defendant’s testifying to exculpatory facts in his own behalf the State on cross-examination was permitted to prove by the defendant that he was convicted in the district court in 1903 and sent to the penitentiary for two years and that he served his term out, for the offense of theft.
 

 This is not a new question in this state. It has been definitely decided that this ruling of the trial court is reversible error. We can see no good purpose that would be served by again writing at length on the question, and content ourselves with saying that the appellant’s contention is sustained by many authorities in Texas. Bullington v. State, 180 S. W. 679; Couch v. State, 245 S. W. 692; Bowen v. State, 71 S. W. 284; Dyer v. State, 77 S. W. 456. For other cases collated, see paragraph 5 under Sec. 170, Branch’s Penal Code.
 

 Because of the error of the court in the matter above discussed, it is our conclusion that the judgment should be reversed and the cause remanded.
 

 Reversed and remanded.
 

 ‘The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.