JOHN HENRY NEWELLS v. THE STATE.

No. 8701.   Delivered April 29, 1925.

Rehearing denied State June 10, 1925.

1.—Manslaughter—Charge of Court—Murder—Eliminated by Verdict.

Where on a trial for murder a conviction is had for manslaughter, objections raised to the court's charge in submitting the law on murder, present nothing to this court for review.

2.—Same—Charge of Court—Practice on Appeal.

Where an objection is presented to a portion of the court's charge, all of the court's charge will be considered to determine whether the objection is well taken, and if in the light of the entire charge on the same subject no error is shown, such objection will not be sustained.

3.—Same—Evidence—If Immaterial—Harmless, if Error.

Where a witness was permitted to testify over the objections of appellant that he fired off his gun near the house of the deceased after the homicide, and away from the scene of the homicide we fail to see how such testimony could have injured appellant, and no error is presented.

4.—Same—Evidence—Reputation of Appellant—Properly Rejected.

Where no proper predicate has been laid to admit testimony of the general reputation of appellant for being a quiet, peaceable and law-abiding citizen, no error is shown in its rejection.

5.—Same—Evidence—General Reputation—Of Deceased—Properly Admitted.

Where the general reputation of the deceased is admissible upon a trial, proof of such reputation in other communities where he had resided, prior to the date of the homicide, as well as in the community where he lived at the time of the homicide are properly admitted.

6.—Same—Bills of Exceptions—Question and Answer—Not Considered.

Appellant's bills of exceptions in question and answer form in this record will not be considered, following the decisions of this court since the time that the memory of man runneth not to the contrary.

7.—Same—Evidence—Of Other Offense—Improperly Admitted.

Where a witness was permitted to testify over appellant's objection that several years before he was a constable in Hill county, and that he had filed a complaint in the justice court charging him with theft, to which he pled guilty and paid a fine in said court. Such testimony should not have been admitted. A justice court in this state has no jurisdiction to try a theft case, and also because the judgment of conviction would be the best evidence. Following Fannin v. State, 51 Tex. C. R. 41 and other cases cited.

Appeal from the District Court of Hill County.   Tried below before the Hon. Horton B. Porter, Judge.

Appeal from a conviction of manslaughter; penalty, three years in the penitentiary.

The opinion states the case.

*Collins, Dupree & Crenshaw, Frazier & Averitte,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was indicted and tried in the district court of Hill County, charged with killing Tucker Haywood with malice aforethought by shooting him with a gun, and convicted of manslaughter and his punishment assessed at three years' confinement in the penitentiary.

Appellant complains in several instances of the charge of the court, some of which relate to the charge on murder, which was eliminated by reason of a verdict for manslaughter.

Appellant complains of the eleventh paragraph of the court's charge, on threats, upon the ground that same is too restrictive, and of that portion wherein it is stated:

"and if at the time of the killing the deceased, Tucker Haywood, by some act then done or words spoken, if any, manifested an intention to execute the threat so made," etc.

This contention would be well taken were it not for the whole paragraph of the charge and for the remaining portion thereof, in which the court properly applies the law to the facts of the case and in which in the usual manner the court charges the jury that if in connection with all the other circumstances and facts in evidence there was produced in the mind of the defendant the belief that the deceased was about to execute such threat and if, acting under such belief, defendant shot and killed the deceased, to acquit him, and in determining said matter or matters if same produced in the mind of the defendant the belief that the deceased was about to execute such threats, and viewed from the standpoint of the defendant alone, that he would be justified in acting thereon. We think the whole paragraph of the charge, when taken together, shows no error upon the part of the court in this particular.

Appellant also complains of the action of the trail court in permitting the State's witness to testify that he fired off his gun near the house of the deceased after the homicide and away from the scene of the homicide. We are unable to see any error in this particular, or at least any harm done thereby to the defendant.

In several of the bills of exceptions appellant complains of the action of the court in not permitting him to prove his reputation for being a quiet, peaceful, and law-abiding citizen. The bills fail to show that the defendant laid the proper predicate for this testimony, and in the absence of same is was properly excluded upon objection by the State.

There is further complaint of the action of the court in permitting the State to prove the good reputation of the deceased out of the county where he then lived, because said witnesses were not acquainted with his reputation in the community at the time of the homicide. The authorities in this State are against the contention of the appellant, and the State was permitted to prove the reputation of the deceased in other communities where he had resided prior to the date of the homicide, as well as in the community where he lived at the time of the homicide.

Some of the appellant's bills are in question and answer form, which the statutes of this State prohibit us from considering, and the decisions of this court have repeatedly held under said statutes that such bills could not be considered.

Some of the bills are not full enough to show the error complained of to this court, and for that reason we can not consider same. In fact, after a careful examination of all of said bills we fail to find any error, except in bill 19, where the court permitted the State to prove by the witness Satterfield that —— years before the homicide said witness was constable in Hill County and that he filed a complaint in the justice court charging the defendant with theft, to which the defendant pleaded guilty and paid a fine in said court.

The appellant objected to this testimony because it was not the best evidence and for other reasons. This objection should have been sustained. Fannin v. State, 51 Texas Crim. Rep. 41; Fountain v. State, 90 Texas Crim. Rep. 474; Lasater v. State, 227 S. W. 452.

We have carefully examined the other assignments of error raised in the record, and fail to find any error therein.

For the reasons above stated, we are of the opinion that the judgment of the trial court should be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for a rehearing on the ground that we erred in holding that the learned trial judge wrongfully permitted the State to prove by its witness Satterfield that when he was constable in Hill County he filed a charge of theft in the justice court against appellant to which the latter pleaded guilty and was punished by a fine. We have again reviewed the matter but are unable to believe the State's contention sound in this regard. The justice court has no jurisdiction of theft cases and could not legally try and punish appellant for such offense. Hence such proof

was not admissible to contradict or impeach appellant. The matter was also objected to because the record would be the best evidence, and this also was a good objection.

Believing the matter correctly decided, the State's motion for rehearing will be overruled.

*Overruled.*