JOHN BULL v. THE STATE.

No. 14116.   Delivered February 18, 1931.

The opinion states the case.

*Killough & Dotson,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE —Conviction is for transporting intoxicating liquor; punishment one year in the penitentiary.

The evidence is brief. Appellant was driving a car and approached a point where some officers were and then turned back down another road. It was in evidence from the officers that when they were about seventy-five steps from appellant's car they saw him throw a sack out of the car. Upon investigation the sack was found to contain three unbroken half-gallon jars of whisky and one similar jar broken. Appellant denied throwing the sack from the car, and asserted that if it was thrown out it was done by the woman who was with him in the car.

He claimed to have been driving for the woman and that she placed the sack in the car but that he did not know it had whisky in it. Appellant introduced a witness who testified that she had given the woman who was in the car with appellant three dollars to get some whisky for the witness.

The first bill of exception presents an error for which the case must be reversed. It reflects that upon cross-examination appellant was asked by the district attorney the following question: "Were you arrested last winter, a year ago, in a car with some whisky here in Vernon and carried to the Federal Court?" Prompt objection was interposed to said question as not being a proper inquiry for impeachment purposes. The objection was overruled and appellant answered that he was arrested and taken to Wichita Falls but that no case was filed against him. It will be noted that the question objected to is entirely different from the one in the Criner Case, 89 Texas Crim. Rep., 226, 229 S. W., 860, 861. There the question was if the witness had not been arrested and "charged in court" with some offense. Here the question was simply as to his arrest. Judge Lattimore, writing for the court, on rehearing in the Criner Case, said: "* * * the question as asked was not erroneous, but we again assert that questions as to mere arrest, or as to charges, in the broad sense, are too general."

The general rule is concisely stated in Branch's Ann. Tex. P. C., Sec. 168, page 102, in the following language:

"Proof of mere accusations against, or evidence of particular acts of misconduct, is not admissible to affect the credibility of a witness. Defendant or any other witness can only be impeached as to other offenses by showing that he has been legally charged with a felony or with a misdemeanor imputing moral turpitude."

Many authorities are cited supporting the text. Later cases are: McClure v. State, 100 Texas Crim. Rep., 545, 272 S. W., 157; Wilson v. State, 108 Texas Crim. Rep., 397, 1 S. W. (2d) 305; Newells v. State, 100 Texas Crim. Rep., 261, 272 S. W., 492; Bridges v. State, 99 Texas Crim. Rep., 627, 271 S. W., 87; Shamblin v. State, 88 Texas Crim. Rep., 589, 228 S. W., 241; Lasater v. State, 88 Texas Crim. Rep., 452, 227 S. W., 949; Carlile v. State, 90 Texas Crim. Rep., 1, 232 S. W., 822. In Bridges' Case (supra) accused was complaining because he had been denied the right to cross-examine the State's witnesses as to certain felony charges which had been filed against them in justice court, but in which no indictment had been returned. Judge Lattimore said in that case:

"The proposition has often been before this court that one who had been charged in a justice court with a felony, might not be examined as to the fact of such charge, if the record showed that the grand jury

had met subsequent to the arrest and making of the charge in the justice court, and had returned no bill of indictment."

In the present case no charges even of a preliminary character seem to have been filed in any court. Over objection, improper proof of an arrest regarding some whisky transaction went to the jury. It was not admissible on the question of impeachment and no limiting charge to that effect was given. It was placed before the jury and they were left to appropriate it for any and all purposes. Its effect was obviously harmful.

Bill of exception No. 3 presents complaint at the argument of the district attorney to the effect that he could not put witnesses upon the stand to show the reputation of appellant because appellant had not introduced any testimony upon that issue. The entire bill, including the court's explanation, leaves us in doubt whether the argument of appellant's attorney can be regarded as having invited the objectionable argument complained of. It raises a serious question. We do not discuss it as it will not likely arise in this form on another trial.

Bills of exception 2 and 4 do not present error.

Judgment reversed and cause remanded.

*Reversed and remanded.*