## CHARLES S. RICHARDSON V. THE STATE.

No. 17996.   Delivered April 8, 1936.

The opinion states the case.

*Rogers & Spurlock,* of Fort Worth, and *Jesse Owens,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, ten years in the penitentiary.

This case has been up on appeal twice, and reversal found necessary each time.   See 70 S. W. (2d) 1003; 77 S. W. (2d)

215. We regret the necessity for another reversal, but have found no other alternative.

There was no denial of the fact that appellant shot and killed his son on the occasion mentioned in the indictment, but the defense was that the shooting was an accident. Jim Smith was one of appellant's witnesses, and reliance was put upon his testimony to establish what was claimed by the defense as a res gestae statement of appellant, in effect, that the shooting was an accident. We do not discuss the proposition as to whether the testimony of Smith was properly admitted as part of the res gestae, because that question is not fully developed in the record. The shooting occurred at the home of appellant, and the first persons to arrive upon the scene appeared to be doctors. Later officers came. After emergency measures at the home for the relief of deceased, he was taken to a hospital. Appellant was taken to the city hall, and at some time after his arrival there, according to the testimony of witness Smith, who at that time was a city officer of the city of Olney, where the shooting took place, appellant told Smith that the shooting was accidental, and Smith was permitted as a witness for the defense to testify to such statement. Before Smith was offered as a witness appellant's attorney stated to the court his purpose to offer Smith, and that some twelve years prior thereto Smith had been tried for murder and acquitted, and had not since been charged with any offense. He tendered Smith as a witness before the court, in the absence of the jury, to establish such facts, and moved the court to instruct the State's attorney to refrain from asking Smith when on the witness stand regarding said indictment for murder upon the ground that such question would relate to an occurrence too remote under the facts to be taken as reflecting upon the credibility of Smith. Bill of exceptions No. 17 bringing forward the complaint sets out that the court below overruled appellant's motion, and when Smith was turned over to the State for cross-examination as a witness, the State's attorney asked him if he had not been indicted for murder in 1923, and when objection was made on the ground that the matter inquired about was too remote, the State's attorney at once withdrew the question, and the court orally instructed the jury not to consider same.

We need not argue the possibilities of harm to the accused from this. Practically the same question was before this court in Bullington v. State, 78 Texas Crim. Rep., 187, 180 S. W., 679; Vick v. State, 71 Texas Crim. Rep., 50; Emerson v. State,

99 Texas Crim. Rep., 655; Faulkner v. State, 80 Texas Crim. Rep., 341; Lasater v. State, 88 Texas Crim. Rep., 452; Harmon v. State, 119 Texas Crim. Rep., 426; Stinson v. State, 120 Texas Crim. Rep., 456; Wells v. State, 59 S. W. (2d) 124. In all these cases and others we have held that action such as is above related is harmfully erroneous. We very much regret the necessity of a reversal upon such ground, but are constrained to follow the precedents.

There is a question of misconduct of the jury which we do not discuss at any length, but again call attention to the fact that when such a question is raised in a motion for new trial, if its determination involves the knowledge of other parties beside the members of the jury, care should be exercised to bring before the court, upon the hearing of such motion, all available witnesses, especially all those persons other than jurors who may be parties to or have knowledge of the alleged misconduct, and when such outside parties are not so used, their absence should be accounted for.

Appellant also raises the question of the admission of the testimony of Clint Anderson et al. who testified that appellant did not make any statement in their presences to the effect that his shooting of deceased was accidental. Anderson was with witness Smith, above mentioned. The authorities cited by appellant upon this proposition have application only to the question of the silence of the accused in the face of charges of crime either by word of mouth or circumstances,—such as would reasonably call for a denial by him if not true. Appellant having introduced Jim Smith to testify to a statement made by the appellant, as above stated, presumably admitted under the res gestae rule, to the effect that the shooting was accidental, the State would have the right to rebut this by proof that appellant made no such statement, by any witness who had cognizance of such facts.

For the reason above mentioned the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

MORROW, P. J., absent.