## JIMMIE CASTLEBERRY V. THE STATE.

No. 18535.   Delivered November 25, 1936.

The opinion states the case.

*Denman & Fowler* and *Seale & Thompson,* all of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of hogs; the punishment, confinement in the penitentiary for two years.

Jack Tubbe testified that about the 7th of February, 1936, some of his hogs were stolen from their accustomed range. The proof on the part of the State was to the further effect that appellant and others killed and butchered said hogs. Appellant testified that the hogs belonged to his brother, Charlie Castleberry, or to his mother. He introduced witnesses who gave testimony supporting his affirmative defense.

Before appellant took the witness stand his attorney presented to the court a written motion, wherein it was shown that approximately eighteen years prior to the present trial appellant had been convicted of a felony and sent to the penitentiary. Again, it was shown that he had been pardoned and had never since been convicted of a felony. In the motion counsel requested the court to instruct counsel for the State to refrain from asking appellant concerning said conviction. The court refused to give the requested instruction. Thereafter, in cross-examining appellant, special prosecutor asked him the following question: "It is a fact, Jim, you have been convicted and sent to the penitentiary?" Appellant's counsel objected to the question, and his objection was sustained. Special prosecutor then asked appellant if he had been convicted of a felony within the last fifteen years. This question was not objected to and appellant answered in the negative. Manifestly, appellant's answer to the second question was not a denial of the fact that he had been convicted eighteen years prior to the present trial. The jury probably concluded that appellant objected to the first question because at some time he had been sent to the penitentiary, and that his failure to object to the second question was due to the fact that the conviction occurred more than fifteen years prior to the present trial. In short, the procedure in question was calculated to lead the jury to the conclusion that appellant had theretofore been convicted and sent to the penitentiary. Under the circumstances, reflected by the record, the question of counsel for the State related to an occurrence too remote to be taken as reflecting on the credibility of appellant. Hence the motion to instruct counsel for the State to refrain from questioning appellant concerning said conviction should have been sustained.

A similar situation was presented in Richardson v. State, 93 S. W. (2d) 410. In holding that reversible error was presented, this court said: "We need not argue the possibilities of harm to the accused from this."

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.