CHARLES S. RICHARDSON V. THE STATE.

No. 18934. Delivered April 21, 1937.
Rehearing Denied (Without Written Opinion) June 16, 1937.

The opinion states the case.

*Rogers & Spurlock,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, twenty-five years in the penitentiary.

This case has been before this court three times, and the opinions appear in 70 S. W. (2d) 1003; 77 S. W. (2d) 215, and 93 S. W. (2d) 410, in each of which only such facts were stated as appeared necessary to make clear the reasons for the disposition exhibited in each case. We see no particular benefit to accrue from an extended statement of the facts appearing in the instant record, and will not set same out more than may be necessary to make clear our conclusions regarding some question raised.

Bill of exceptions No. 1 complains of the admission of the statement of deceased to Dr. McKinney, the physician who was called immediately after the shooting, and who testified to statements made by deceased, whom he found lying on the floor at his home suffering from the effects of a wound caused by the passage of a bullet entirely through his body, from the effect of which he died two or three hours afterward. The statement of deceased to said witness was as follows: "Daddy shot me, and I want them to take care of the girls." To this objection was made on the ground that it was hearsay, not admissible as res gestae, or as a dying declaration, and was immaterial and prejudicial. We think the evidence admissible under the res gestae rule as stated in many cases in the opinions of this court. See Nami v. State, 97 Texas Crim. Rep., 531, and cases cited. Mrs. Duvall, a witness for the State, located the shooting at about 5:30 P. M. Dr. McKinney said he was called to the scene of the shooting about 5 or 5:30 P. M. The deceased was lying where he fell on the floor after the shooting, shot through the body. There seems little need for discussion. The fact that the boy was shot by his father was in evidence by various witnesses, and appears in statements made by the appellant as detailed in evidence, and the fact of his being so shot was controverted by no testimony. We do not regard that part of the testimony in which he said he wanted them to

take care of the girls,—as being of any possible harm to the cause of appellant.

Bills of exceptions 2 and 3 question the right of the State to prove by witnesses Anderson, McCarson and Cooper that appellant made no statement in their presence claiming the shooting to be an accident,—and the contention is that this improperly proved against appellant his silence. We do not think so. Anderson and McCarson were present at the time defense witness Smith testified that appellant spoke loud and said that the shooting was an accident. Both these witnesses testified that no such statement was made by appellant to Smith. Witness Cooper was a neighbor and apparently a friend of appellant, and testified that he went to appellant's house on the occasion of the shooting, reaching the scene five or ten minutes after it occurred. Appellant said in Cooper's presence that he shot his son, but made no statement that it was an accident. In our opinion this was clearly res gestae, and the movements, conduct, acts and words of appellant bearing on the homicide were admissible. The State did not offer as original testimony any statements of appellant as to what caused the shooting. We have no doubt of the State's right to rebut the testimony of defense witness Smith by proof from witnesses who were present when Smith claimed appellant made the statement that the shooting was an accident,—that no such statement was made, and we also think that the State had the right,—when the occurrence was new, and its events, causes, etc., were expressing themselves in appellant's spontaneous utterance, in the presence of witness Cooper,—to show by Mr. Cooper that appellant then failed to do what any other man, circumstanced as he at the time, would reasonably have done at the first opportunity, if it was true, and say that the shooting was accidental,—and to show by Cooper that appellant did not,—in connection with his res gestae statement that he shot his own boy, —say that such shooting was an accident.

It occurs to us that in such a situation the first out-break of words from the father would have been to say that he shot, but accidentally. No one had accused appellant in words,—but the facts and circumstances were such as to demand of him whatever explanation he could make, and to that extent same accused him. He was not under arrest. No officer could be accused of the pressure of custody. In our opinion, proof of the fact that appellant made no such statement in connection with his explanation of the fact that he shot his son,—was admissible.

Bill of exceptions No. 4 is nearly twenty pages long, and for us to attempt to discuss the various matters of testimony by letters, affidavits, etc., which were put before the trial court, would but lengthen this opinion without particular value. We are satisfied that there was no error in the action of the lower court in admitting the testimony of a witness as given at a former trial, said witness having since removed to the State of Oklahoma.

Bill of exceptions No. 5 complains of the discussion by the State's attorney of the failure of appellant to claim at the time of the homicide that the shooting was an accident. We find nothing in the bill manifesting any error or showing any transgression of the constitutional rights of the accused.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*