## THE STATE *vs.* OVERTON JEROME.

In a prosecution for rape, a plan of the interior of the house where the crime was said to have been committed, made without any personal examination or survey by the draftsman, but sworn to be correct by one of the occupants of the premises, was introduced by the state in explanation of their oral testimony, but

State *v.* Jerome.

it did not go to the jury in the jury room.　Held, that there was nothing objectionable in this use of the plan.

Where the accused, who was a colored man, offered evidence to show that his wife had visited the complainant, who was a white woman, socially, before the time when the offence was alleged to have been committed, it was held, that the state had a right to show that the prisoner's wife was a white woman.

Where, in defence to a prosecution for rape, testimony to the general good character of the accused is introduced, the state may ask, upon cross-examination, whether a certain lewd woman has not lived for some time in his family.

Where the accused asked the court to instruct the jury that, upon the facts which were admitted and those which were claimed by him, if the jury found them to be true, there was no evidence which would warrant them in finding a verdict against him, and that there was not the degree of proof requisite to a conviction for the crime of rape, this court can not say that the court below was wrong in omitting to charge as requested, when the case is presented here upon a motion for a new trial, which does not purport to recapitulate the whole evidence, but only a part of it favorable to the accused.

Where a witness was introduced to prove the general good character of the accused, it was held that he might be asked on his direct examination, how long and in what capacity the accused had been an inmate of his family.

INDICTMENT FOR RAPE.　On the trial of the case to the jury in the superior court on the plea of *not guilty*, before *Phelps, J.*, the state offered in evidence a plan of the interior of the house in which the crime was said to have been committed. Objection being made to its introduction, the assistant attorney for the state was called upon as a witness to authenticate it, and testified that he drew the plan without any personal knowledge of the premises from information derived from others.　The complainant upon whom the rape was alleged to have been committed, and who resided in the house, was also called as a witness upon this point, and testified that the plan was correct, upon which the court admitted it in evidence, but it did not go to the jury in the jury-room.

Evidence having been admitted on the part of the accused, who was a colored man, to prove that his wife had visited and taken tea with the complainant who was a white woman, the state afterwards introduced evidence to prove that his wife was a white woman ; to the admission of which the counsel for the accused objected, but the court overruled the objection.

The counsel for the accused, to prove his general good char-

acter, offered several witnesses, of whom he inquired whether they knew the prisoner, how long they had known him, and what was his character. He also inquired of one of them, before the direct inquiry as to character was put, how long and in what capacity the accused had been an inmate of the family of the witness. Objections were made to this question by the state, as being immaterial and relating only to the witness' personal knowledge of the accused, and not to his knowledge of his reputation, and the court sustained the objection and excluded the evidence.

On the cross-examination of one of the witnesses for the defence on the point of character, the state's attorney, for the purpose of proving that the accused had kept a house of bad repute, inquired whether a sister of the wife of the accused had not lived for some time in his family, and whether her reputation was not bad. These questions and the answers thereto were objected to by the counsel for the accused as irrelevant, but the court admitted them.

Upon the argument of the cause, the accused asked the court to instruct the jury, that upon the admitted facts, and those claimed by him, if the jury found them true, there was no evidence which would warrant them in finding a verdict against him, and that there was not the degree of proof requisite to a conviction for the crime of rape. The court called the attention of the jury to all the evidence in the cause, and the claims upon both sides in respect to it, and instructed them that they were the judges of both the law and the facts, and that to entitle the state to claim a conviction of the prisoner they must find that the complainant had been consistent in her statements respecting the offense, that she was of fair character for veracity and chastity, that she made all the outcry and offered all the resistance that was practicable under the circumstances, and that she had no motive to charge the prisoner falsely ; and that they must be satisfied beyond any reasonable doubt that the prisoner had unlawful carnal knowledge of the person of the complainant, attended with such penetration of her person as is necessary to sexual intercourse, and that it was done with force and violence and

against her will and consent; and left it to the jury to say whether, from all the facts proved and the law as explained by the court and understood by themselves, the state had succeeded in fully establishing the guilt of the prisoner.

The jury returned a verdict of guilty, and the accused filed a motion for a new trial. The motion recited a part of the evidence, bearing particularly upon the credibility of the complainant's testimony, and the claim of the accused that under the circumstances stated by her and those proved by him the commission of a rape would be physically impossible, but did not purport to state all the evidence in the cause.

*Doolittle*, in support of the motion, cited Swift's Ev., 141; 1 McNally's Ev., 322; Dean's Med. Jurisp., 25; *State* v. *Randolph*, 24 Conn., 363, 369; *The People* v. *Hulse*, 3 Hill, 516.

*Foster*, (State's Attorney,) and *W. C. Robinson*, contra, cited *State* v. *Wadsworth*, 30 Conn., 55; 1 Greenl. Ev., §§ 54, 55, 436, 461; 1 Stark. Ev., (Sharswood's ed.,) 43, 44, 75; Swift's Ev., 140, 143; *Cadwell* v. *The State*, 17 Conn., 467; *State* v. *Main*, 31 id., 572; 1 Wharton's Crim. Law., §§ 1139, 1146.

McCurdy, J. In respect to most of the rulings of the superior court we see no objection.

1. As to the plan. The assistant attorney who drew it, testified that it was correct according to his information derived from one who was conversant with the house, and it was authenticated by the principal witness, Mrs. Wiard, who lived in it. Certainly it was admissible to enable her to describe the localities. It was used merely as explanatory of her testimony and did not go to the jury as a part of the substantive evidence. The case did not in the slightest degree turn upon the accuracy of the sketch, and no question is even now made of its correctness.

2. The accused is a colored man, and if it was allowable at all to prove an act of intimacy between his wife and the com-

State *v.* Jerome.

plainant, it was proper to explain it consistently with public opinion by showing that his wife was a white woman.

3. The prisoner put his character for chastity in issue by attempting to prove that it was good. The state had then a right to show that it was otherwise, and as a reason to prove that he kept a house of ill-fame. And the fact that a lewd woman had been its inmate *conduced* to sustain the charge.

4. The request to the court was in the nature of a motion for a non-suit. And the application here is substantially a motion for a new trial for a verdict against the evidence. But independent of other difficulties, the motion does not purport to recapitulate the evidence, nor even to state the facts proved, except particular ones which have been selected with a view to exonerate the prisoner by discrediting the story of the complainant. The question of her credibility under all the circumstances was left by the court as a matter of fact to the jury, with accompanying suggestions which were quite correct and appropriate.

5. But there was another ruling which we think was erroneous. In a nicely balanced case, and especially one of this description, a comparatively slight consideration is sometimes sufficient to turn the scale. Character may be conclusive, and the weight of the evidence respecting it may depend very much upon the means of information of a witness who supports it. There must be a great difference between the opinion of a next door neighbour and that of a distant acquaintance; and so between the views of a person who had known the party and his reputation intimately for years, and those of one who had seen or heard of him only occasionally and for a few weeks. The inquiry, therefore, " how long and in what capacity the prisoner had been an inmate in the witness' family," should have been allowed.

Upon this ground we advise a new trial.

In this opinion the other judges concurred.