### Tomas Veherana v. The State.

No. 2743.    Decided November 12, 1913.

**1.—Occupation—Intoxicating Liquors—Local Option—Sufficiency of the Evidence.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, the evidence sustained the conviction, there was no error.

**2.—Same—Judgment—Sentence—Practice on Appeal.**

Where the judgment and sentence are taken together, they are sufficient, and even if they were not, this court under article 938, Code Criminal Procedure, would have the power and authority, and it would be its duty to enter the proper judgment and sentence.

**3.—Same—Agency—Charge of Court.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors, the question of agency was properly submitted in the court's charge, and the question of sales was supported by the evidence, there was no error.

Appeal from the District Court of Reeves. Tried below before the Hon. S. J. Isaacks.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Ben Palmer,* for appellant.—On question of the insufficiency of the evidence: Bird v. State, 157 S. W. Rep., 479; Wilson v. State, 154 S. W. Rep., 571; Mansfield v. State, 17 Texas Crim. App., 468.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted for unlawfully engaging in and pursuing the business of selling intoxicating liquors in Reeves County, after prohibition had been legally put in force therein, and his punishment fixed at the lowest,—two years in the penitentiary.

Appellant makes but two questions by his brief. The first is, he claims the evidence is insufficient to sustain the verdict. The next is, he claims the judgment and sentence are void because neither shows that the defendant has been convicted of any offense.

The verdict of the jury found the defendant guilty as charged in the indictment. The judgment copies the verdict and then adjudges appellant guilty of engaging in the business of selling intoxicating

liquors as found by the jury. The indictment correctly followed the statute and charged that appellant unlawfully engaged in and pursued the occupation and business of selling intoxicating liquor in Reeves County after the prohibition law, prohibiting the sale of such liquor in said county was properly and legally put in force. The sentence, among other things, states that appellant was brought into open court for the purpose of pronouncing judgment against him in accordance with the verdict and judgment theretofore rendered, and then proceeds to order that as the defendant had been adjudged to be guilty of engaging in the business of selling intoxicating liquors and his punishment assessed at two years confinement in the penitentiary and that he be immediately delivered by the sheriff to the superintendent of the penitentiary and confined therein for the period of two years in accordance with the provisions of law. Taken altogether the judgment and sentence are sufficient. Even if they were not, this court, under the law, would have the power and authority and it would be its duty to enter here and now the proper judgment and sentence. Art. 938, C. C. P.

The testimony of the State, if believed by the jury, which was evidently done in this case, was amply sufficient to sustain the conviction. The appellant's contention and his testimony was sufficient, if believed, for the jury to have found that he did not make the sales but that he purchased, as the agent only from third parties, intoxicating liquor which he delivered to the alleged purchaser. This question was pointedly submitted by the court in his favor and the jury were told that if he did not sell the liquor to the alleged purchaser, but that he acted as her agent in purchasing from third parties and delivering to her that they would find him not guilty. No complaint is made of the charge of the court in submitting this question to the jury. The jury found against appellant and their finding is supported by the evidence and we are not authorized to disturb the verdict.

There is nothing else requiring discussion. The judgment will be affirmed.

*Affirmed.*