### HORACE REDDING v. THE STATE.

No. 7600. Decided October 24, 1923.

Rehearing denied November 14, 1923.

1.—Selling Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of selling intoxicating liquor, the evidence supported the conviction under proper charge of the court, there was no reversible error.

2.—Same—Evidence—Practice in Trial Court.

Where, upon trial of selling intoxicating liquor, a certain witness had testified that the defendant was one of seven sons, all of whom had lived with the witness at his home, he was asked by defendant's attorney whether or not there had been any intoxicating liquor on his place, etc., and whether or not he had seen defendant with any intoxicating liquor at, about or near his place, to which the court sustained an objection, there is no reversible error.

3.—Same—General Reputation.

Where the judge certified that the examination of the proposed impeaching witness demonstrated that he did not know what was meant by general reputation and was therefore disqualified to testify, there was no error.

4.—Same—Evidence—Credibility of Witness.

Where a witness was asked by counsel for the State if he himself had not been bound over to await the action of the grand jury for violating the whisky law, and answered in the affirmative, and it appeared that the grand jury was still in session, there is no reversible error.

95 T. C.—41

5.—Same—Evidence—Prosecuting Witness—General Reputation.

After a certain witness had testified for the State that the State's prosecuting witness's general reputation for truth and veracity was good, and appellant's counsel asked the witness if he had not let the prosecuting witness have money to pay a fine for drunkenness, and there was no connection with the present transaction, the same was properly excluded.

6.—Same—Negative Testimony.

Upon trial of unlawfully selling intoxicating liquor, there was no error in not permitting a defense witness to testify that he did not see defendant or any one else with intoxicating liquor at defendant's residence on the day of the alleged sale.

7.—Same—Rehearing—Practice on Appeal.

A re-examination of the questions reveals nothing which warrants a conclusion other than that heretofore expressed, and the motion for rehearing is overruled.

Appeal from the District Court of Hopkins.    Tried below before the Honorable Geo. B. Hall.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*M. D. Carlock* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for the sale of intoxicating liquor. Punishment, one years confinement in the penitentiary.

John Shirley testified that on March 15th of 1922 he bought a quart of whisky from appellant, paying him ten dollars therefor; that he went to the Redding residence where appellant and his brother, Buck, were; that he and appellant went to the barn, witness following perhaps fifty yards behind him; that witness remained at the barn and appellant went up a little branch west of the barn and was gone about five minutes, and returned with the whisky in a fruit jar where it was delivered and payment made. Shirley testified that no one else was present but he and appellant at the time of the transaction.   Appellant denied the sale, and introduced testimony of other witnesses who claimed to have been at the Redding house during the time Shirley was there and testified to facts, which if accepted by the jury as true, would have authorized an acquittal.   A number of witnesses were introduced by appellant assailing the reputation of Shirley for truth and veracity, and he was supported in this respect by many witnesses called by the State. The issues made were fairly submitted to the jury and they having resolved them in favor of the State we would not be authorized to disturb the verdict because of the conflict in testimony.

Bill of exception number one recites that Charley Redding had testified that appellant was one of seven sons all of whom lived with witness at his home. He was asked by appellant's attorney "whether or not there had been any intoxicating liquor on his place where he lived with his family on or about the time charged, and whether or not he had seen defendant with any intoxicating liquors at, about or near his place, the same being the place where the defendant lived." Upon objection by the State he was not permitted to answer. It is further recited that witness would have answered as follows:

"—that he kept a watch on his place and on his boys to see if they were having or handling any intoxicating liquors on or about the place; that it was reported that boys in the neighborhood where he lived were handling whisky and that he made careful watch and kept careful watch over his own boys to see that they didn't have any intoxicating liquors in their possession or about his premises and that the result of the watch kept by him was that they had no such intoxicating liquors about the premises."

It will be observed that the expected answer would not have been responsive to the question. The learned trial judge qualifies the bill by stating in effect that when the question was asked the witness had stated nothing which would indicate that his answer, if responsive, would be more than his mere opinion. We believe the bill demonstrates the correctness of the court's qualification. The ruling of the judge on the admission or rejection of evidence must be tested by what condition confronted him at the time the ruling was announced. It occurs to us the whole of the expected answer was objectionable as embracing reasons on which the witness finally would have based only an opinion.

Bill number two as explained by the trial judge presents no error. Appellant was seeking to qualify a witness to testify as to the general reputation for truth and veracity of the prosecuting witness Shirley. The judge certifies as a fact that the examination of the proposed impeaching witness demonstrated that he did not know what was meant by "general reputation," and he was held disqualified to testify upon that issue.

Bills of exception three and four relate to the same matter. Norris Redding, appellant's brother, had testified in his behalf. As affecting his credibility, he was asked by counsel representing the State if he himself had not been bound over to await the action of the grand jury for violating the whisky law, and answered over objection that he had been so bound over on a charge of transporting whisky. The objection urged was that no indictment had been returned against witness; that the charge had been before the grand jury since August 28th, and the date of the inquiry was September

22d; that no indictment having been returned in the interim it was not proper to show the charge by complaint. It appears that witness was bound over to the grand jury for the instant term of court which convened August 28th and did not adjourn until October 7th. No showing is made that the grand jury had been discharged for the term. It had fifteen days more to operate before adjournment. The mere proof of arrests, or charges of crime commission which have not been merged into legal prosecutions cannot be shown to impeach a witness. Griner v. State, 89 Texas Crim. Rep., 860, 229 S. W. Rep., 860; Red v. State, 39 Texas Crim. Rep., 414, 46 S. W. Rep., 408. Likewise we have held that where complaint charging a felony has been filed, but sufficient time has elapsed for an indictment to be returned and none has been presented, the fact of complaint having been filed cannot be shown as affecting a witness's credibility. Wright v. State, 63 Texas Crim. Rep., 429, 140 S. W. Rep., 1105; Williamson v. State, 74 Texas Crim. Rep., 289 167 S. W. Rep., 360; Newton v. State, 94 Texas Crim. Rep., 288, 250 S. W. Rep., 1036. An examination of these authorities will show that quite a time had elapsed since the complaint had been made, and that more than one grand jury had convened and adjourned without indicting. We think the rule invoked by appellant has no application under the facts presented in the present instance where the very grand jury to which the witness was held had fifteen days more to remain in session before adjournment of court terminated its work.

After the witness Ballard had testified for the State that Shirley's (prosecuting witness) general reputation for truth and veracity was good, counsel for appellant asked if he (Ballard) had not let Shirley have money in the spring to pay a fine for drunkenness in Franklin County. Upon objection by the State witness was not permitted to answer. (Bill No. 5.) The bill recites that witness would have answered that—

"—he did let him have money this past·spring to pay a fine for drunkenness in Franklin County where he had been drunk in a public place and that he let him have money on condition that he would turn State's witness and testify against the party from whom he had gotten the whisky when he got drunk."

Much of the expected answer would have been irresponsive, and all of it inadmissible on the issue of Shirley's reputation for truth and veracity. The bill does not show that the incident referred to even remotely related to a transaction between appellant and Shirley, or had any connection with the present prosecution.

Appellant complains because he was not permitted to prove by the witness Copeland that he did not see appellant or any one else with intoxicating liquor at the Redding residence on the day of

the alleged sale. This was purely a negative matter. The witness seems to have been examined fully by appellant's attorney and stated that he did not see Shirley buy anything, and that if any whisky was bought or sold by anybody he knew nothing about it; that he saw Shirley all the time he (witness) was there but that he could not know what, if anything, took place after he left. The testimony of Copeland, does not pretend to assert that the transaction might not have occurred as claimed by Shirley. That witness would have said he did not see anybody with intoxicating liquor on the occasion inquired about we regard as unimportant, and in effect covered by the testimony elicited without objection.

The record in our opinion presents no error calling for a reversal, and the judgment must be affirmed.

*Affirmed.*

### ON REHEARING.

### November 14, 1923.

MORROW, Presiding Judge.—In the light of the motion for rehearing and oral argument thereon, the record has been reviewed. The questions presented in the motion were all considered and discussed in the original opinion, and our re-examination reveals nothing which warrant a conclusion other than that heretofore expressed.

The motion is overruled.

*Overruled.*