### J. H. Aldridge v. The State.

No. 9243.     Delivered June 24, 1925.

Rehearing Denied October 21, 1925.

**1.—Aggravated Assault—Charge of Court—Error Cured—By Verdict.**

Where under an indictment containing five counts, two counts only being
submitted, one charging an assault with a deadly weapon, and one charging
an assault to murder, and the verdict convicts of an aggravated assault, all
objections raised to the charge on assault with a prohibited weapon, and of
an assault to murder, become immaterial by reason of the conviction for an
aggravated assault.

**2.—Same—Continued.**

And so as to the submission of both counts, which were properly sub-
mitted, the conviction of an aggravated assault eliminated any error which
might have been presented, and also appellant's contention that there was no
evidence warranting the submission of assault to murder, was not harmful, in
view of the verdict returned. This applies also to appellant's complaint as to
assault with a prohibited weapon.

**3.—Same—Requested Charges—Properly Refused.**

Where the court's main charge, is more favorable to appellant than his
requested special charges, no injury is shown, and he will not be heard to
complain of the refusal of such special charges.

ON REHEARING.

**4.—Same—Charge of Court—Not Excepted to—Not Considered.**

Where a writing is found in the record, purporting to except to the Court's charge, but is without any certificate or verification showing that the matter was considered by the trial judge, and his ruling made the subject of exception by appellant, this court is precluded from considering such complaints of the charge. Following Bargas v. State, 85 Tex. Crim. Rep. 217 and numerous other cases cited.

Appeal from the District Court of Parmer County. Tried below before the Hon. Reese Tatum, Judge.

Appeal from a conviction of an aggravated assault; penalty, a fine of $200.00 and thirty days in the county jail.

The opinion states the case.

*W. W. Kirk,* and *A. B. Crane,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was indicted and tried in the district court of Parmer County and convicted on an aggravated assault, fined $200.00 and given thirty days in jail. The indictment embraced five counts but the court in his charge to the jury submitted only two counts, the second count charging assault with a prohibited weapon and the third count charging assault with the intent to murder, upon the prosecuting witness, J. W. Reid.

The facts briefly stated, upon the part of the State, discloses that the prosecuting witness, Reid, was the Superintendent of the school at Farwell, and in said school there was a principal teaching agriculture; the defendant had a boy about seventeen years of age taking agriculture and it appears that he had been giving the teachers a good deal of trouble and on the date of the alleged offense while in class in substance remarked to the teacher that if he had done so and so, the teacher would have raised hell with him. The teacher took him before the Superintendent and he admitted using the language and the Superintendent proceeded to give him about eight or ten with a piece of rotten water hose. The boy left school and went home. The Superintendent went to town to mail some letters and about the time that he got out of the car he testified that he heard somebody call him and looked up and saw the defendant and his son and he went up to where the defendant was and the defendant accused him of beating up his boy, and he denied it and told him he had given him a whipping and the defendant replied, "no, you have beaten him up, and that is what we are going to do with you", and then the defendant said, "do what you are going to do". The pros-

ecuting witness testified that it then dawned on him that the defendant was talking to his son, who was then walking behind said witness and just as he looked back, the boy threw a piece of concrete and hit him behind the ear which cut him to the bone, a gash about an inch long and knocked him forward toward the defendant and just as he raised his head he saw the defendant with a six-shooter with which the defendant struck him under the eye, over the lip, cutting his lip through and practically knocked out one of his teeth, rendering his unconscious at times and hitting him over the head with said six-shooter. It was the testimony of the State that the prosecuting witness was doing nothing at the time he was assaulted.

Upon the part of the defense, it was contended that the prosecuting witness was not called and that when he came towards the defendant, the defendant spoke to him and asked him about beating up his boy and claimed that the witness stated that he would beat him up to, and ran his hand down in his pocket and the defendant grabbed him thinking that he was preparing to assault him with a weapon and began to strike him with his six-shooter. The defendant claiming that he didn't know that his son had struck said Reid with the concrete and the defendant's son claimed that he never saw his father hit the prosecuting witness with a pistol. The defendant also contended that he was a deputy constable and had the right to carry a pistol, while it was the contention of the State that he had prepared himself with a pistol and came for the purpose of assaulting the prosecuting witness.

The court upon this testimony properly charged the jury on both of said two counts in the indictment, that is, of making an assault with prohibited weapon carried unlawfully and also charged on assault with intent to murder and aggravated assault, and also charged on self-defense and apparent danger and that the defendant if he believed that he had a right to carry the pistol as deputy constable should be acquitted of the charge of making an assault with a prohibited weapon, and in said charge ignored the actions of the boy altogether except on the charge of self-defense, telling the jury that the defendant would have a right to protect himself and his son against any attack or apparent attack by the said prosecuting witness.

There are a number of complaints raised by the appellant against the court's charge relative to assault with prohibited weapon and assault with intent to murder but in view of the jury finding defendant guilty of aggravated assault, all of said complaints become immaterial in the consideration of this case.

The appellant complains of the court's charge on self-defense to the effect that same is misleading and confusing; we are of the opin-

ion that the charge taken as a whole is not susceptible of said criticism urged.

Complaint is also urged to the action of the court in refusing to require the State to elect on which of the two counts it would rely for a conviction. We are unable to see any merit in this contention, and, as we view the testimony, we think it was proper for the court to have submitted both of said counts to the jury and in doing so there could be no injury to defendant because the jury returned a verdict of aggravated assault under the count charging assault with intent to murder.

It is urged that the court was in error in submitting to the jury the third count in the indictment and the law relative to assault with intent to murder. It is contended that the evidence did not raise this issue. If there was any error in this contention, the verdict of the jury cured same by finding defendant guilty of an aggravated assault.

There is also complaint to the court's action in failing to charge the jury that the defendant could not be found guilty of an aggravated assault under the second count charging him with making an assault with a prohibited weapon. The court prepared blank verdicts covering the second and third counts in every particular and the jury adopted the verdict of aggravated assault under the third count charging assault to murder, which eliminates this contention.

Complaint is made to the third paragraph of the court's charge because it is contended that the court didn't affirmatively charge the jury that defendant would not be guilty of carrying a pistol if he had a contract or promise with the constable to pay him as much as forty dollars per month. There is no merit in this contention because the court at the instance of the appellant gave his special charge No. 5, covering the issue complained of.

Complaint is urged to the refusal of the court to give to the jury the defendant's special charge No. 7 and other special charges along the same line to the effect that the jury could not consider the piece of concrete used by defendant's son in striking the prosecuting witness nor the wound made by same unless they believed that the defendant had in some manner caused the said son to hit said prosecuting witness. We fail to observe any error in the court's refusing to give said charges. Under the evidence in this case, as introduced by the State, we are of the opinion that the court would have been authorized to have charged the jury relative to the son being a principal in this case but the court ignored that part of the son's assault altogether and we believe in refusing to give said special charge it is more favorable to the defendant than detrimental, besides the assault made by the son and the piece of concrete used was part of the *res*

101 T. C.—30.

*gestae* in the transaction and we are of the opinion that the court committed no error in refusing to withdraw that part of the testimony from the consideration of the jury; but should we be in error in this particular, which we do not admit, still under Art. 743 C. C. P., we wound be unauthorized to reverse this case in this particular because the law was announced in said article by the Legislature prohibits this court from reversing a case on refusal to give charges or in charging the jury unless the entire record shows that same was calculated to injure the rights of the defendant or that he had not had a fair and impartial trial. We are unable to reach this conclusion or agree to the contention made by the appellant on this point.

After a careful examination of the entire record, we are unable to reach the conclusion that the defendant has not had a fair and impartial trial or that the trial court committed errors in the trial thereof. We are therefore, of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing complaint is made of the court's charge in several particulars. In order to call into review the accuracy of the court's charge in submitting the issues to the jury, it is essential that the alleged faults should appear from the record to have been called to the attention of the trial court in a specific manner at the time of the trial. See Vernon's Tex. Crim. Stat., Vol. 2, Arts. 737a, 735, and 743; also Linder v. State, 94 Texas Crim. Rep. 316, and cases cited.

We find in the record a writing purporting to except to the court's charge. It is, however, without any certificate of verification. In the absence of such certificate showing that matter was considered by the trial judge and his ruling thereon made the subject of exception by the appellant, this court is precluded from considering the complaints of the charge. See Bargas v. State, 85 Tex. Crim. Rep. 217; Bird v. State, 84 Tex. Crim. Rep. 285; Wallace v. State, 200 S. W. Rep. 1088; Nicolatte v. State, 85 Tex. Crim. Rep. 245; Thompson v. State, 228 S. W. Rep. 224; Wright v. State, 83 Tex. Crim. Rep. 559; Grissom v. State, 87 Tex. Crim. Rep. 222; Boaz v. State, 231 S. W. Rep. 790.

The motion for rehearing is overruled.

*Overruled.*