## PETE SIMS v. THE STATE.

No. 13577.   Delivered June 26, 1930.
Rehearing denied November 19, 1930.
Reported in 32 S. W. (2d) 362.

The opinion states the case.

*Critz & Woodward* of Coleman, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

The facts show a sale, from the State's standpoint. Appellant denied making the sale. The issue of fact was for the jury, and they have settled it against appellant. We find in the record what purports to be three bills of exception, each of which is so qualified by the trial court as that same presents no error.

The judgment will be affirmed.

*Affirmed.*

#### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing the point is made that error was committed in overruling the appellant's bill of exception No. 3. It appears from that bill that the witness Wilhelm, having given testimony adverse to the appellant, was

asked on cross-examination if he was the same Wilhelm who was arrested in San Antonio for swindling by giving a check for $78.00. The witness replied that he was arrested but not for swindling; that he was arrested for a post-dated check that he had given to Mr. Lancaster for board. He was then asked if he knew Mr. Lancaster's signature. State's counsel said: "We object—we understand that he is presenting an affidavit for a warrant." Counsel for the appellant said: "We offer this affidavit and warrant for a felony in San Antonio." The State's attorney then said: "We object", and the objection was sustained. The appellant was not permitted to introduce the affidavit and the warrant for the arrest of the witness, which affidavit so offered in evidence showed that the witness was charged with swindling by giving a check for $78.00. It is to be noted that the bill does not show the date of the complaint or the warrant. The date is important for the reason that a complaint charging a felony would not be admissible if sufficient time for indictment had elapsed and no indictment had been presented. See King v. State, 67 Tex. Cr. R. 63, and other cases cited in Newton v. State, 94 Tex. Cr. R. 288. In the present instance, proof was really made that the witness had been charged with swindling. The complaint in the bill that he was not permitted to pursue the matter and introduce the affidavit, in order to show error, would have to show that the complaint was recent to a degree that there was no opportunity to merge the prosecution into an indictment. See Barkman v. State, 52 S. W. 71; Brittain v. State, 36 Tex. Cr. R. 406; Criner v. State, 89 Tex. Cr. R. 226; Redding v. State, 95 Tex. Cr. R. 641.

The motion is overruled.

*Overruled.*

HAWKINS, J., absent.