ELMER KENNIMER V. THE STATE.

No. 15930.  Delivered May 3, 1933.
Rehearing Denied May 31, 1933.
Reported in 60 S. W. (2d) 449.

The opinion states the case.

*Bozeman & Cathey,* of Quitman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, three years in the penitentiary.

Officers observed a suspicious smoke in the woods. Four of them went to the place from which the smoke came. All of them say that appellant and other men were there; a still was in operation; whisky was being made; appellant was seen to go to the still, stoop down so as to be then partly out of view of the witnesses; at this time smoke and sparks went up in such manner and volume as to cause the witnesses to conclude fire was being chunked up or stirred up. One of the witnesses testified as follows: "Yes, sir, while this man was at the still I observed smoke. Yes, sir, I have built fires, and I know how a fire will act when you are chunking it up or putting on wood. The smoke will boil up and the sparks fly. I did make observation of this fire at the still and the smoke was boiling up and sparks flying." Similar testimony was given by other wit-

nesses. When near the still the officers rushed forward. Appellant jumped a branch and ran, but when the officers began firing appellant stopped, one of the officers testifying that he fell to the ground. Smut, chops, and mash were noted on appellant's clothes, and one witness said on his hands.

The case was properly submitted on the law of circumstantial evidence. Two bills of exception complain that the state was allowed to ask two of appellants witnesses if it was not true that each was charged by complaint with cattle theft. Such proceeding is allowable, it being the rule that appellant may object, and the testimony should not be received if there has been time and opportunity to procure indictment, and an indictment had not been returned. Otherwise the testimony is admissible. Redding v. State, 95 Texas Crim. Rep., 641; Sims v. State, 116 Texas Crim. Rep., 247, cases cited in section 167, Branch's Annotated P. C. The record shows in this case that the grand jury to which appellant was bound over had not adjourned at the time of this trial, but was either in session or at temporary recess.

The remarks of state's attorney in reference to the recess of the grand jury, while out of the record and therefore improper, would seem of no possible material injury. The court instructed the jury not to consider same.

Appellant and two other men were present at the scene of the operation of the still when the officers raided same. Some one was then and there engaged in the manufacture of whisky. We think the trial court properly instructed the jury upon the law of principals.

The court gave a special charge presenting affirmatively the only defense supported by the testimony of appellant, viz: that he was merely a bystander at the still and had no interest therein. The jury were told that if they believed this, or had a reasonable doubt of its truth to acquit him.

Examination of the judgment shows that appellant was adjudged guilty of the offense of "Mfg. Liquor." We have no such offense in this state. The judgment will be reformed so as to adjudge appellant guilty of "manufacturing intoxicating liquor." We note also that in sentencing appellant the trial court sentenced him to be confined in the penitentiary for a term of three years, taking no account of the indeterminate sentence law. The sentence will be reformed so as to condemn appellant to serve a term of not less than one year nor more than three years in the penitentiary.

As reformed the judgment will be affirmed.

*Reformed and affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It was appellant's contention, supported by his own testimony and that of other witnesses, that in his presence at the still he was innocent of any wrong doing, but, in hunting for a cow which he was on a trade for, he accidentally stumbled on the still. He asked for a new trial for newly discovered evidence of two witnesses whose affidavits are attached to the motion, who say they would testify that they were squirrel hunting and saw appellant in the pasture some 350 or 400 yards from the still, about 45 minutes before they heard shooting at the place where the still was raided. Assuming that they would give such testimony, we think the trial court would be justified in concluding that it would not likely change the result of the trial, in view of the testimony of the arresting officers as to the acts of appellant and the condition of his clothes.

Appellant also attaches to his motion for new trial the certificate of the clerk of the district court to the effect that the grand jury had adjourned for the term without returning indictments against two of appellant's witnesses, who had been impeached by showing that they were at the time of trial under charge by complaints with cattle theft. It is appellant's position that upon another trial said witnesses would be relieved of the burden of such impeaching testimony. It occurs to us that a new trial may not be awarded upon the changed status of witnesses such as is here presented. That it would be contrary to the well-recognized rules that new trials will not be granted for newly discovered evidence which is collateral or impeaching can not be questioned. Many authorities on the general proposition are found collated in note 25 under article 753, C. C. P., Vernon's Tex. C. C. P., vol. 3, and in Branch's Ann. Tex. P. C., sec. 192.

The motion for rehearing is overruled.

*Overruled.*