## PEDRO VILLAREAL V. THE STATE.

No. 18118.   Delivered March 18, 1936.
Rehearing Denied April 22, 1936.

The opinion states the case.

*R. L. Neal,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for life.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Augustine Salas by shooting him with a pistol.

The homicide occurred in the place of business of Ignacio Salas on the 17th of December, 1934. According to the testimony of the State, appellant provoked a difficulty with one of Ignacio's customers. Deceased, who was the brother of Ignacio, demurred and ordered appellant out of the house. Appellant

left but returned in about five or ten minutes armed with a pistol. As he came through the door deceased was standing near a cot on which Ignacio, who was sick, was lying. Without warning, appellant shot deceased. Deceased ran out of the door and fell. Appellant ran after him and shot him while he was down. Appellant then shot twice at Ignacio. It was the further version of the State that neither Ignacio nor deceased were making any demonstration toward appellant at the time of the homicide. Appellant testified that after having an altercation with deceased he left the place but returned in a few minutes for the purpose of advising Ignacio, the proprietor, that he did not want any trouble. He testified further that as he came into the building both deceased and Ignacio fired at him with pistols and that he shot deceased in defense of himself.

It is shown in bill of exception No. 3 that after a witness for appellant had testified that appellant's general reputation as a peaceable and law-abiding citizen was good the witness was asked on cross-exmination if he had heard that appellant had gone to the penitentiary from San Marcos on a charge of burglary and theft. He answered in the negative. Appellant then called counsel for the State to the stand and asked him if he knew of his own knowledge that appellant had been convicted of a felony at San Marcos. He answered that he had never seen a copy of the judgment of conviction and had never asked for one. At the request of appellant the court withdrew the question concerning the conviction and instructed the jury not to consider it for any purpose. Counsel for the State then stated in the presence and hearing of the jury that it had been his information that appellant had been convicted, but that he now ascertained it was appellant's brother who had been convicted at San Marcos. Appellant immediately requested the court to instruct the jury not to consider said statement, and the request was complied with. Appellant contends that the information carried to the jury was calculated to prejudice him. We are unable to sustain this contention. The jury were made aware of the fact that counsel for the State had been in error in believing that appellant had theretofore been convicted of a felony. Again, the character witness had testified that he had not heard that appellant had been convicted. Obviously the witness' testimony touching appellant's good reputation was not reflected on by the asking of the question.

Appellant excepted to the charge on self-defense on the

ground that it failed to give him the benefit of the reasonable doubt in connection therewith. We think the charge not subject to this criticism. We quote a portion of said charge, as follows:

"Evidence has been offered in this case by the defendant to the effect that the deceased, Augustine Salas, and his brother Ignacio Salas were armed with pistols and were making an attack on him, the defendant, at the time of the killing of the deceased by the defendant; in this connection you are charged that if you find from the evidence that the said Augustine Salas, and his brother, Ignacio Salas, were so armed with pistols at the time of the killing and were making an attack on the defendant, or if it appeared to the defendant at the time that either of them were so doing, viewed solely and alone from his, the defendant's standpoint, *or if you have a reasonable doubt thereof,* you will acquit the defendant and say by your verdict 'not guilty.' " (Italics ours).

Other exceptions to the charge are deemed to be without merit.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The trial court gave the following charge on self-defense: "If from the evidence you believe the defendant, Pedro Villareal, killed the said Augustine Salas, but you further believe that at the time of so doing the deceased, Augustine Salas or his brother Ignacio Salas, had made or were making an attack on him the said Pedro Villareal, which, from the manner and character of it, and the relative strength of said parties, and the defendant's knowledge of the character and disposition of the deceased Augustine Salas and his brother, Ignacio Salas, caused him the said Pedro Villareal, to have a reasonable expectation or fear of death or serious bodily injury at the hands of said deceased and his said brother, or either of them, and that acting under such reasonable expectation or fear, the said Pedro Villareal killed the said Augustine Salas, then you will acquit him; and if the deceased or his brother, Ignacio Salas, was armed with a pistol at the time deceased was killed, and either or both of them were

making an attack on defendant then the law presumes that the said deceased, Augustine Salas, and his brother, Ignacio Salas, intended to murder or to inflict serious bodily injury upon him the defendant."

By written objection to the charge appellant complained because the doctrine of "reasonable doubt" was not given in immediate connection with the quoted instruction. Immediately following the foregoing—it appearing in the transcript as another paragraph of the charge—and still instructing upon the law of self-defense the court charged as follows: "Evidence has been offered in this case by the defendant to the effect that the deceased, Augustine Salas, and his brother, Ignacio Salas, were armed with pistols and were making an attack on him, the defendant at the time of the killing of deceased by the defendant; in this connection you are charged that if you find from the evidence that the said Augustine Salas and his brother, Ignacio Salas, were so armed with pistols at the time of the killing and were making an attack on the defendant, or if it appeared to the defendant at the time that either of them were so doing, viewed solely and alone from his, the defendant's standpoint, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict not guilty."

In his motion for rehearing appellant argues that the omission of "reasonable doubt" from the first part of the quoted charge on self-defense was fatal thereto under the holding in Regittano v. State, 96 Texas Crim. Rep., 477, 247 S. W., 906, and cases therein cited. It is further contended by appellant that the presence of "reasonable doubt" in the second part of the quoted charge does not remedy the omission thereof from the first part, and that the two instructions are antagonistic. After a careful re-examination of the facts and the charge in its entirety we are not able to agree with appellant in the propositions urged. It is well understood that the court's instructions must be taken as a whole, and that although the court may not respond to certain exceptions presented in writing, and that his failure to do so may present error, yet, before such error will demand reversal it must be such as was "calculated to injure the rights of the defendant." See Art. 666, C. C. P. (Old Art. 743); Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W., 360; Aldridge v. State, 101 Texas Crim. Rep., 642, 276 S. W., 256; Andrews v. State, 101 Texas Crim. Rep., 261, 275 S. W., 1024. The State's case shows that appellant returned to the store operated by deceased's brother and

made an unprovoked attack upon deceased by shooting him; appellant's defense was that he returned to the store for the purpose of advising deceased's brother that appellant did not want any trouble, he not knowing at the time that deceased was there, and that deceased began firing at appellant with a pistol before he got to the store, and that both deceased and his brother were shooting at him. If appllant had any self-defense it was upon his claim that the parties were shooting at him. Upon his specific defense, and the only one presented by the evidence, the trial court gave him "reasonable doubt" in connection with the defensive charge. We have been unable to bring ourselves to believe that any possible injury could have resulted to appellant from the omission complained of.

The motion for rehearing is overruled.

*Overruled.*