**J. T. GATES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44156.**

Court of Criminal Appeals of Texas.

Oct. 20, 1971.

Hugh H. Meyer, Hondo, for appellant.

Earle Caddel, Dist. Atty., Uvalde, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for burglary, with two prior burglary offenses alleged for enhancement of punishment under Art. 63, Vernon's Ann.P.C. The punishment assessed was life.

The appellant's only contention is that "the judgment of the trial court setting the punishment of this defendant to life imprisonment is supported by only one previous conviction of a felony less than capital alleged and proved." The appellant argues that one of the prior convictions used for enhancement, a conviction in the district court of Cochran County, in Cause No. 367, did not find the defendant guilty of any offense because the judgment and sentence introduced designated the offense for which the appellant was convicted as "burglary by breaking". No cases are cited to support this contention.

The indictment in Cochran County was introduced. The appellant was therein properly charged with the offense of burglary under the provisions of Art. 1390, V.A.P.C. The judgment introduced in the

same cause number shows that the appellant entered a plea of "guilty to the charge contained in the indictment filed herein."

If the offense designated in the judgment and sentence was incorrectly designated as urged, appellant's contention is without merit.

Had the appellant made the same contention on appeal from his conviction in Cochran County, this court, under the provisions of Art. 847, C.C.P. 1925 (then applicable and now Art. 44.24, Vernon's Ann.C.C.P. 1965) could have reformed and corrected the judgment to correctly designate the offense. Garcia v. State, Tex.Cr.App., 453 S.W.2d 822; Kennimer v. State, 124 Tex. Cr.R. 94, 60 S.W.2d 449 and Veherana v. State, 72 Tex.Cr.R. 4, 160 S.W. 711.

In this case where the conviction is alleged for enhancement only, appellant may not make a collateral attack on that judgment which could have been corrected on direct appeal. Brown v. State, Tex.Cr. App., 368 S.W.2d 618; Ex Parte Pitrucha, 158 Tex.Cr.R. 426, 256 S.W.2d 415 and Ex Parte Brown, 145 Tex.Cr.R. 39, 165 S.W.2d 718.

The judgment is affirmed.

Opinion approved by the Court.